## WOMEN'S CATHOLIC ORDER OF FORES-TERS v. CITY OF ARLINGTON, TEX., et al.

### No. 961.

District Court, N. D. Texas, Fort Worth Division.

Aug. 10, 1939.

Hall & Hall, of Temple, Tex., for plaintiff.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, Tex., for defendants.

DAVIDSON, District Judge.

This is a suit by the plaintiff, The Women's Catholic Order of Foresters, against the City of Arlington, Texas, to recover interest accrued by reason of the default of the said City to meet the interest coupons as they fell due from and after September, 1934, on $25,000 in City of Arlington Street Improvement Bonds of the Series of 1927, of which the plaintiff alleges it is the owner, that said bonds bear interest coupons payable semi-annually, and that these payments have been in default since the 15th of September, 1934.

In No. 858 in the Fort Worth Division in the year of 1937, the Central Life Assurance Society filed a suit against the City of Arlington, in which case a judgment was rendered under and by virtue of which the City of Arlington was allowed to issue its refunding bonds at a lower rate of interest, and upon other conditions more satisfactory and favorable to itself. The bonds were set aside for the plaintiff in this suit and all other bondholders of the City were to be allowed to exchange their bonds for a similar amount of refunding bonds.

This plaintiff was not a party to the proceedings in Cause No. 858, and insists that it is not bound by the provisions of that decree, and brings a straight suit against the City of Arlington for its debt.

The City of Arlington insists that in Cause No. 858 that the Court took control of the entire taxing power of the City, and that the plaintiff's only remedy for the collection of its debt is to accept the refunding bonds provided for by the city ordinance in accordance with the decree of the court in the suit No. 858.

If the City is insolvent, the creditors must prorate in the revenue to be derived from its full taxing power. If the city is solvent, each creditor must have payment in full for its debt, and a judgment there-

664

for upon default. Voorhies v. Mayor of Houston, 70 Tex. 331, 7 S.W. 679; Columbus v. Barringer, 4 Cir., 85 F.2d 908.

If we assume that the Court did, in Cause No. 858, find the City of Arlington to be insolvent and unable to meet its debts, and order a proration of the taxing power among its creditors, then is a bondholder like the plaintiff in this case bound by that decree, to which it was not a party?

Title 28 U.S.C.A. § 111, section 50, of the Judicial Code, provides: "When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer, and nonjoinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

Rule 19(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, lately proclaimed by the United States Supreme Court, provides: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

In Brooklyn v. Insurance Co., 99 U.S. 362, 370, 25 L.Ed. 416, the Supreme Court said: "Upon principle and authority, no decree therein rendered could bind anyone not personally served with process, or who did not appear. It could not affect the rights of non-resident holders of bonds and coupons, proceeded against by constructive service. Such service, as to them, was ineffective for any purpose whatever."

A trustee, properly designated, may bring a class suit and bind those for whom he acts. Likewise a great multitude of parties may be represented and grouped in a class suit, but we do not feel that this practice has been or should be extended to the point where one person who occupies a similar status may enter court and bind himself and another party without his presence or consent. The practice so largely extended would be subject to great abuses. One of the elementary principles of law is that every man is entitled to his day in court. He is entitled to conduct his own trial, to produce his own evidence, to examine the records and to cross-examine the witnesses, and it should not be done by someone whom he has never selected and who may or may not have and hold a different status in the controversy.

The plaintiff, accordingly, will be given judgment for its debt, and based upon such judgment the plaintiff is directed to intervene in Cause No. 858 pending in this Court, and if, upon such hearing, it appears that the taxing power of the City of Arlington is such that it is unable to meet its indebtedness, then the plaintiff's interest will be required to be prorated with the other bondholders; but if it should appear that the City of Arlington is possessed of such taxing power as to enable it to meet its obligations, then the tax must be levied and the debt liquidated in accordance with the provisions of the original contract.

We are heartily in accord with those opinions of the late Judge Fly of the San Antonio Court of Appeals, in which he more than once held that the contract of a municipality possessed all the elements of sanctity of that of an individual, and it had no right to directly or indirectly evade the responsibilities which it had voluntarily assumed.

"It sometimes happens that a municipality is found to have contracted indebtedness to an extent that is felt to be extremely burdensome, and then a local sentiment may spring up in favor of refusing to raise the necessary taxes for its pay-

ment. The purpose may be either to avoid the payment altogether, or to postpone it for a time, or, perhaps, to force a compromise with creditors and an abatement. Whatever may be the purpose, the refusal to levy taxes to meet municipal obligations according to terms is a public wrong." Cooley's Taxation, 2d Ed., p. 75.

Under the foregoing limitations and directions, judgment will be authorized for the plaintiff.